**UNITED STATES Of America,
Plaintiff–Appellee**

v.

**Wallace THOMPSON, Defendant–
Appellant.**

No. 11–30272
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 2012.

Kevin G. Boitmann, Assistant U.S. Attorney, Stephen Andrew Higginson, Assistant U.S. Attorney, Diane Hollenshead Copes, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, New Orleans, LA, for Plaintiff–Appellee.

Julie Christine Tizzard, Esq., Law Offices Of Julie C. Tizzard, New Orleans, LA, for Defendant–Appellant.

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

■ Wallace Thompson challenges his guilty-plea conviction for conspiracy to distribute and possession, with intent to distribute, crack cocaine and cocaine. Pursuant to his plea agreement, he was sentenced to 180–months' imprisonment. (The Government notes the apparent untimeliness of the notice of appeal but does not contend the appeal should not be considered. Because the time limit for appeal can be waived, Thompson's appeal will be considered. *E.g., United States v. Ortiz,* 613 F.3d 550, 554 (5th Cir.2010).)

Thompson entered his plea pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, which provided that the Government: would not charge Thompson with any other violations of federal narcotics laws; would not charge him as a multiple offender under 21 U.S.C. § 841(a)(1)(A), which would have resulted in his receiving a mandatory life sentence; and guaranteed that any statement or testimony given by Thompson during debriefing would not be used against him, except for the purpose of impeachment.

■ Thompson contends the Government breached the plea agreement by using information he provided during debriefing to increase the amount of drugs attributed to him for sentencing. Al-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

though Thompson waived his right to appeal as part of the plea agreement, the alleged breach may be raised on appeal. *E.g., United States v. Pizzolato,* 655 F.3d 403, 409 (5th Cir.2011).

■ An alleged plea-agreement breach is reviewed *de novo. Id.* Applying general principles of contract law, our court must determine whether the Government's conduct is consistent with defendant's reasonable understanding of the agreement. *Id.* Defendant has the burden of demonstrating, by a preponderance of the evidence, the underlying facts establishing a breach. *Id.* A district court's findings on use of information obtained during a debriefing, in contravention of the plea agreement, are reviewed only for clear error. *United States v. Gibson,* 48 F.3d 876, 878 (5th Cir.1995). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations and internal quotation marks omitted).

Thompson has not met his burden of showing that the Government's use of the information obtained during debriefing was inconsistent with his reasonable understanding of the agreement. A reading of both the agreement and the factual basis makes it apparent that the agreed-upon sentence incorporated money seized from Thompson on a prior occasion and drug money stolen from his truck on another occasion.

Further, Thompson has not shown, by a preponderance of the evidence, that information regarding the two monetary sums was obtained by the Government solely through his debriefing. The record shows: the Government was aware of the information regarding the two sums of money, prior to Thompson's debriefing; and it had information tying the money to the drug-trafficking conspiracy.

As for the $33,000 found in Thompson's truck, the Government's notice of intent stated the money was "inextricably intertwined with the charged conspiracy", and the factual basis specifically identified the money as "[o]ther evidence of drug trafficking". As for the money stolen from Thompson in Houston, the notice provided that the money was intended to be used for purchasing cocaine. The factual basis provided further details of the incident, stating that it occurred in 2006 and that the amount stolen was $270,000. Moreover, Thompson's counsel verified that the Government had such information during pre-plea negotiations. Finally, the presentence investigation report outlined various other sources of information regarding Thompson's activities, including other defendants and wiretapped conversations.

As stated, Thompson has not demonstrated that the disputed information was solely provided by him during debriefing. Therefore, he has not shown the requisite clear error. *Id.*

■ Regarding Thompson's other contention, the plea agreement provided that, although the minimum statutory penalty for the offense was 120–months' imprisonment, a sentencing range of not less than 180–months' imprisonment, with a maximum of life imprisonment, was appropriate. Thompson maintains the district court erroneously reasoned that its rejection of the plea agreement would subject him to a life sentence. He asserts that, although the district court had the authority to reject the plea agreement, it did not have the authority to vacate his previously accepted guilty plea. According to Thompson, because his plea would have remained intact, it would have been "too late for the prosecution to file an information under the provisions of 21 U.S.C.

§ 851(a)(1), raising the mandatory minimum to life". The Government claims Thompson's interpretation of the plea agreement "would deprive the government [of] the benefit of its bargain after making irretrievable concessions, while allowing the defendant, who may have breached the agreement himself, the chance at a lesser sentence".

The record does not support Thompson's position. Absent a showing that the Government breached the plea agreement, Thompson's only viable position in favor of rejecting the plea agreement was that he was not satisfied with the sentence for which he bargained. Even assuming the district court misstated what sentence might have been mandated had the court rejected the agreement, the court clearly rejected Thompson's suggestion that his sentence was not bargained for.

AFFIRMED.